CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR 12 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TOMEIKA MCCULLOUGH, | ) | |
| Petitioner, | ) | Civil Action No. 7:07cv00105 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN TERRY O'BRIEN, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Petitioner Tomeika McCullough, proceeding pro se, purports to bring this action pursuant to 28 U.S.C. § 2241. Ms. McCullough states that she is the spouse of an inmate at United States Prison Lee County ("U.S.P. Lee"), and alleges that the respondent terminated her privilege of visiting with her husband at U.S.P. Lee "without justifying the termination or relying some [sic] evidence of violation of a [sic] institutional rule or regulation governing visitation."

Section 2241 provides a means for a prisoner in federal custody to attack the execution of a particular federal sentence. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Where there is some deprivation of a right to which a prisoner is entitled or the imprisonment is more burdensome or oppressive than the law allows, the Supreme Court has left open the possibility that a writ of habeas corpus may issue. Presier v. Rodriguez, 411 U.S. 475, 499 (1973). The statute itself states that the writ extends to "a prisoner" only when he or she is "in custody." See 28 U.S.C. § 2241(c). Here, Ms. McCullough has failed to establish the deprivation of a constitutionally protected right warranting habeas relief because her petition does not challenge the legality or duration of her own current confinement in federal prison or the denial of parole. Accordingly, she is not entitled to relief under 28 U.S.C. § 2241, and her petition is denied for lack of jurisdiction.

ENTER: This 12th day of March, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge